### D'UGO v. CIRENZA.

(Supreme Court, Appellate Division, Second Department. March 5, 1909.)

CONTRACTS (§ 319*)—BREACH—EFFECT.

Where a building contractor abandons his work without justification, he cannot recover for the work done.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 1494; Dec. Dig. § 319.*]

Appeal from Municipal Court of New York.

Action by James D'Ugo against Michele Cirenza. From a judgment for plaintiff, defendant appeals. Reversed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, GAYNOR, and MILLER, JJ.

Henry C. Underhill, for appellant.

GAYNOR, J. The plaintiff agreed to turn an old barn into a house for the defendant for $700 according to certain drawn plans. As the work progressed he got $559.64 from the defendant, viz., $175 in cash and the balance of $374.64 by payment of his bills for material by the defendant. This left only $140.36 of the contract price. Concededly the plaintiff quit before the contract was finished. The excuse he gives is that the contract (which was oral) was that the defendant should pay him as the work progressed enough to pay his workmen every week. The defendant says it was that he should pay one-half when the work was one-half done, and the balance when it was finished. But whichever is correct, the defendant had paid more than the wages of the men, and the plaintiff's quitting was unjustifiable. He could therefore recover nothing on the contract. He put in a claim for extra work for $180. The Justice does not seem to have allowed it, but if he did it is more than offset by the cost of completing after the plaintiff quit, which was at least $222.87. And yet the plaintiff was given a judgment for $302.13. This was obviously arrived at by crediting the defendant with the $175 cash he paid the plaintiff and the $222.87 it cost him to complete, and deducting the total from the contract price of $700, which leaves $302.13; thus allowing the defendant nothing for the $374.64 which he paid on the plaintiff's material bills. Judgment should have been for the defendant.

The judgment should be reversed.

Judgment of the Municipal Court reversed, and new trial ordered; costs to abide the event. All concur.